UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) No. 10 CR 985 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| MARCUS JONES, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Defendant Marcus Jones moves to reduce his sentence under § 404 of the First Step Act, Pub. L. 115-391, 132 Stat. 5194, § 404 (2018). Because the Court finds Jones eligible for relief under the statute and that he has shown himself deserving of such relief, the Court, in its discretion, grants his motion and reduces his custodial sentence to 82 months. All other terms of his original sentence remain in effect.

**BACKGROUND**

On December 14, 2010, a grand jury returned an indictment charging Jones with conspiracy to knowingly and intentionally distribute and possess with intent to distribute mixtures containing in excess of 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), and 846 (Count 1); knowingly distributing mixtures containing in excess of 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) on four separate occasions (Counts 2, 3, 5, and 7); and knowingly and intentionally using a cellular telephone in furtherance of the conspiracy to possess with intent to distribute and distribute a controlled substance, in violation of 21 U.S.C. § 843(b) (Counts 4, 6, and 8). Doc. 19. On September 27, 2011, Jones pleaded guilty to Count 1 of the indictment, conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base. Doc. 43. As part of the plea, Jones admitted he received at least 179.1

grams of cocaine base from his supplier and that he distributed this cocaine base to his customers. *Id.* at 3. Notably, Jones and the Government differed greatly in their assessment of the exact quantity of cocaine base involved in the offense of conviction: the Government's position was that Jones was accountable for at least 8.4 kilograms of cocaine base distributed during the course of the conspiracy, whereas Jones' position was that he was accountable for only179.1 grams that he admitted to as part of his plea. *Id.* at 5.

On February 28, 2012, Judge Kocoras sentenced Jones to a term of 124 months, which was an 86-month downward departure from the low end of the sentencing guideline range of 210 to 262 months, and four months more than the mandatory minimum of 10 years. Doc. 56. The guideline range calculation in the presentence report began with a base offense level of 38, based on the quantity of 8.4 kilograms of cocaine base, then factored in a three-level reduction for acceptance of responsibility, for a final offense level of 35. With a criminal history category of III, the presentence report calculated Jones' guideline range as 210 to 262 months. *See* Doc. 70 at 7. In 2016, Jones submitted a letter to the court arguing that the court should apply the Fair Sentencing Act of 2010 to his sentence. Doc. 64. In response, the Government argued that the Fair Sentencing Act did not apply to Jones based on the quantity of cocaine base, 8.4 kilograms, for which the court sentenced Jones. Doc. 67. Jones' attorney moved to withdraw later in 2016 and was granted leave to withdraw, effectively denying Jones' request for relief. Doc. 78–80.

On May 29, 2019, Jones filed the present motion for a reduced sentence under Section 404 of the First Step Act. Jones requests that the Court reduce his 124-month sentence to a sentence of time served. Jones argues that his offense level today would be 33 not 35, which when combined with a criminal history category of III yields an advisory guideline range of 168 to 210 months. If the 86-month variance was applied to the low end of this guideline range, the

resulting sentence would be 82 months, one month less than the 83 actual months Jones has already served, without counting the additional months gained under the current good time formula. The Government argues that Jones is not eligible for relief under the First Step Act, and that even if he is, given the 8.4 kilograms of cocaine base, he would still be subject to the 10-year mandatory minimum.

## ANALYSIS

The First Step Act of 2018 makes the provisions of the Fair Sentencing Act of 2010 retroactive. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Section 404 of the First Step Act states in pertinent part:

> (a) DEFINITION OF COVERED OFFENSE. In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED. A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

*Id*. § 404. Under the First Step Act, a defendant who committed a violation before August 3, 2010, and whose exposure at sentencing would have been different under Section 2 of the Fair Sentencing Act's revised quantity thresholds for cocaine base may be entitled to a reduced sentence. *Id*. Relief under the First Step Act is discretionary. *Id*. § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

### I.      Eligibility

As an initial matter, because Jones committed his offense prior to August 3, 2010, Jones' violation satisfies the first requirement to be a "covered offense" under § 404(a) of the First Step

3

Act. *Id.* § 404(a); Doc. 56 at 1. The parties disagree as to whether Jones' violation satisfies the second requirement, that the Fair Sentencing Act modified the statutory penalty for his violation. At the time Jones was convicted and sentenced, the statutory sentence for conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base was ten years to life. 21 U.S.C. § 841(b)(1)(A) (2008). The Fair Sentencing Act raised the amount of cocaine base that triggers that statutory sentence from 50 grams to 280 grams. Pub. L. No. 111-220 §§ 2-3, 124 Stat. 2372. For 50 grams of cocaine base, the statutory penalty after the Fair Sentencing Act is between 5 and 40-years' imprisonment. *Id.* Jones argues, therefore, that the Fair Sentencing Act modified the statutory penalty for his violation, which would satisfy the second requirement for his violation to be considered a "covered offense" under the First Step Act. The Government argues, however, that the Fair Sentencing Act did not modify the statutory penalty for conspiracy to possess with intent to distribute 8.4 kilograms of cocaine base, which would still be subject to a sentence of ten years to life. The disagreement, therefore, revolves around which quantity is relevant under the First Step Act: the quantity in the indictment or the quantity that formed the basis of Jones' sentencing guidelines calculations.

The Government argues that the 50 grams charged in the indictment was an artificial quantity and simply represented the pertinent statutory threshold at the time. Doc. 90 at 6–7. The Government further argues that Congress' concern about the particular date of the violation shows its focus on the occurrence and actual conduct of the offense, and by logical extension, the quantity involved in the offense rather than the quantity charged in the indictment. *Id.* at 8.

Jones argues that the Government misinterprets the statute. In determining the true meaning of a "covered offense," he argues that the plain language of the First Step Act directs the Court to look at "a violation of a Federal Criminal statute," which is presented in an

4

indictment. The relevant quantity according to Jones, therefore, is the 50 grams charged in the indictment, not the quantity considered for purposes of the sentencing guidelines.

"Interpreting the plain language of the First Step Act, several district courts have agreed with [Jones'] interpretation and held that it is 'the statute of conviction, not actual conduct, that controls eligibility under the First Step Act." *United States v. Wright*, No. 03 CR 362-2, 2019 WL 3231383, at *3 (N.D. Ill. July 18, 2019); *see United States v. Diggs*, No. 03 CR 516-1, Doc. 195 (N.D. Ill., July 9, 2019) ("[T]he Court joins the super-majority of other district courts to conclude that the statute of conviction, not the defendant's actual conduct, controls eligibility under the FSA."); *United States v. Johnson*, No. 01 CR 543, 2019 WL 2590951, at *3 (N.D. Ill. June 24, 2019); *United States v. Booker*, No. 07 CR 843-7, 2019 WL 2544247, at *2 (N.D. Ill. June 20, 2019) (collecting cases and explaining, "[t]o the court's knowledge, nearly every court to address the issue agrees with Booker—eligibility for relief under the First Step Act is determined by the amount charged in the indictment, not the amount admitted in the plea agreement or found at sentencing."); *United States v. Thompson*, No. 3:07-CR-30034, 2019 WL 3308334, at *2–6 (W.D. La. July 23, 2019); *United States v. Dodd*, No. 3:03 CR 18, 2019 WL 1529516, at *2 (S.D. Iowa Apr. 19, 2019); *United States v. Martin*, No. 03-CR-795, 2019 WL 1558817, at *3 (E.D.N.Y. Apr. 10, 2019). The Court, therefore, looks to the statute that the defendant violated, and by extension the indictment, to determine whether Jones' offense is a "covered offense," "and not the facts admitted in a plea agreement or otherwise attributable to the defendant by judicial finding." *Wright*, 2019 WL 3231383, at *3.

As courts within this district and across the country have noted, this approach, focusing on the violation and statute as opposed to the particulars of the record, avoids the need for "the Court to employ a prosecutor-friendly 'way-back machine,' to conjure how the charge, plea, and

5

sentencing would have looked had the Fair Sentencing Act of 2010 been in effect." *United States v. Pierre*, 372 F. Supp. 3d 17, 22 (D.R.I. 2019); *accord Johnson*, 2019 WL 2590951, at *3. Rather, "because relief under the First Step Act is discretionary, '[i]t makes sense that Congress intended to give a certain *class* of defendants—those who were sentenced under a statute for which the penalties changed in 2010—a do over.'" *Wright*, 2019 WL 3231383, at *3 (quoting *Pierre*, 372 F. Supp. 3d at 22–23).

The Court adds its voice to the growing chorus of courts that have found that in determining the eligibility of the defendant for relief under the First Step Act, courts should look to the language of the indictment and the statute of conviction, not the conduct of the defendant. Section 2 of the First Step Act modified the statutory penalties for the statute that Jones violated, and he committed the violation before August 3, 2010. Therefore, Jones' violation is a "covered offense" under the First Step Act. *See United States v. Cross*, No. 04-CR-1090-11, 2019 WL 3718768, at *2 (N.D. Ill. Aug. 7, 2019) ("This court finds the weight of authority persuasive and adopts the reasoning of cases holding that eligibility under § 404(b) of the First Step Act is determined with reference to the offense charged.").

## II.    Relief

Having found that Jones is eligible for a sentence reduction under the First Step Act, the Court now must decide whether to exercise its discretion to reduce his sentence. The Government argues that the Court should not exercise its discretion in this way because Jones "should not receive a windfall unavailable to defendants prosecuted for the same conduct under the Fair Sentencing Act," and because reducing Jones' sentence in this case would "offend the need to avoid unwarranted sentencing disparities among similarly situated offenders." Doc. 90 at 19. The Court finds these comparative arguments unpersuasive. *See Wright*, 2019 WL

3231383, at *3 ("Nor does the Government's argument as to potential sentencing disparities change the Court's analysis."). Apart from these comparative arguments, the Government does not set forth any reason that Jones, specifically, if found eligible as this Court has found, should not receive a sentence reduction.

Jones, on the other hand, sets forth several arguments for why the Court should exercise its discretion to grant him a sentence reduction. The first is mathematical: Jones argues that his sentence of 124 months was the result of a downward departure of 86 months from the low end of the range of 210 to 262 months, and that a downward departure of 86 months from the low end of his recalculated range under the current sentencing guidelines, 168 to 210 months, would result in a sentence of 82 months, one month less than the 83 months of actual time that he has already served. This does not include time he has earned for good behavior, which Jones states "equates to a sentence of approximately 97 months' imprisonment under the current good time formula." Doc. 82 at 4 ¶ 10.[1] Moreover, the current statutory minimum sentence for conspiracy to possess and distribute 50 grams of cocaine base is five years, two years less than the seven Jones has already served.

Jones also directs the Court to his rehabilitation since sentencing. While in prison, he has demonstrated his desire to return to the community and support his family as a positive member of society by taking numerous education courses and receiving a variety of certificates, including Reentry Budgeting Skills, Reentry Job Search Techniques, Reentry Resume Workshop, Reentry Time Management Skills, Reentry Self Discipline and Emotional Control, Reentry Transition to work and Self Sufficiency, Reentry Good intentions and Bad Choices, Reentry Self Image, Reentry Anger Management, Reentry Innovative Thinking, Reentry Seven Habits of Highly

---

[1] The Court notes that Jones submitted these calculations in May 2019 and recognizes that Jones has served approximately four more months since then.

Effective People, and Reentry Personal Finance and Consumer Skills, among other certificates. Doc. 82-1. Jones also expressed to the Court his commitment to helping children and young adults in the community avoid the path that led him to prison, writing:

> It is the knowledge and the earned wisdom that has come during this time of punishment and reflection, and ultimately rehabilitation that I believe I can share to those who would be resistant to change and the advice of others trying to guide them. I believe that my life and testament would serve as an example and counter point that can't be overlooked or discounted by the youth who seem to only wish to acknowledge the "Realness." My life and the punishments for my actions are a prime example for which they can point to and see as the antithesis of what should be sought out in their lives.

Doc. 91, Ex. A at 1–2.

Jones is currently scheduled to be released on March 22, 2022; however, his demonstration of rehabilitation and deterrence makes it unlikely that two and a half more years in prison are necessary to rehabilitate him and deter him from engaging in crime. *See Booker*, 2019 WL 2544247, at *3 (granting defendant's First Step Act motion over the Government's objection in part because the court found continued imprisonment unnecessary to accomplish specific or general deterrence). Taking all these factors into account and considering the statutory goals of the Fair Sentencing Act and the First Step Act, to reduce the severe disparity between sentences for powder and crack cocaine offense, the Court finds that reducing Jones' "sentence aligns with the statutory purposes of sentencing with the goal of reform legislation."

The Court concludes that reducing Jones' sentence to time served would not create a "windfall," and would reflect the statutory goals of the Fair Sentencing Act and the First Step Act.

## CONCLUSION

For the foregoing reasons, the Court grants Jones' motion for relief for a reduced sentence under § 404 of the First Step Act [Doc. 82] and reduces Jones' custodial sentence from 124 months to time served. All other terms and conditions of the previous judgment imposed on February 28, 2012 [Doc. 56] remain in effect. The Court orders Jones released immediately. Amended judgment order to follow.

Dated: October 8, 2019

_____
SARA L. ELLIS
United States District Judge